EXHIBIT

A

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| Rutland Unit | Docket No. |

**JAMES LENFESTY**
    Plaintiff,

v.

**CITIBANK, N.A.,**
**CITIBANK, N.A. d/b/a HOME DEPOT CREDIT SERVICES, and**
**HOME DEPOT U.S.A., INC.,**
    Defendants.

## WAIVER OF SERVICE OF SUMMONS

TO:   Barbara R. Blackman, Esq.
      Lynn, Lynn & Blackman, P.C.
      Attorney for Plaintiff
      76 St. Paul Street, Suite 400
      Burlington, VT 05401

I acknowledge receipt of your request that Citibank, N.A. and d/b/a Home Depot Credit Services waives service of a summons in the action of Lenfesty v. Citibank, N.A. et al., which is in the Vermont Superior Court for Rutland County. I have also received a copy of the complaint in the action, two copies of this waiver form and a means by which I can sign and return this form to you without cost to me.

On behalf of Citibank, N.A. and d/b/a Home Depot Credit Services, I agree to save the cost of a service of summons and an additional copy of the complaint in this lawsuit by not requiring that Citibank, N.A. and d/b/a Home Depot Credit Services be served with judicial process in the manner required by Rule 4 of the Vermont Rules of Civil Procedure.

Citibank, N.A. and d/b/a Home Depot Credit Services will retain all defenses or objections to the lawsuit or to the jurisdiction or the venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against Citibank, N.A. and d/b/a Home Depot Credit Services if an answer or motion under Rule 12 of the Vermont Rules of Civil Procedure is not served upon you by January 19, 2015.

Dated at _Jacksonville, FL_ this _30_ day of _December_ 2014.

CITIBANK, N.A. ~~and d/b/a HOME DEPOT CREDIT SERVICES~~ _pw_

By: _Elizabeth S. Barnette_
Printed/typed name:

_Authorized Representative_
As (title or capacity)

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Vermont Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. If you and the plaintiff are both located in the United States and you do not sign and return this form waiving service as requested by the plaintiff, you will be required to bear the cost of such service unless you can show good cause for not doing so.

Your belief that the complaint is unfounded or that the action has been brought in the wrong place or in a court that lacks jurisdiction of the action or your person or property is not good cause for a failure to waive service. If you do waive service, you retain all defenses and objections (except those relating to the summons or its service), and you may later object to the jurisdiction of the court or to the place where the action has been brought.

If you waive service, you must, within the time specified on the waiver form, serve on the plaintiff's attorney, or on the plaintiff if he or she has no attorney, a response to the complaint, which should be an answer or motion as provided in Rule 12 of the Vermont Rules of Civil Procedure. You must also file a signed copy of the response with the court. If a response is not filed within that time, a default judgment may be entered against you. Note that by waiving service you are allowed more time to respond to the complaint than if a summons had actually been served upon you on the date that you received the request for waiver of service.

Case 2:15-cv-00019-cr  Document 1-1  Filed 01/28/15  Page 3 of 25

(Page 9 of 32 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Rutland Unit | Docket No. |

JAMES LENFESTY
    Plaintiff,

       v.

CITIBANK, N.A.,
CITIBANK, N.A. d/b/a HOME DEPOT CREDIT SERVICES, and
HOME DEPOT U.S.A., INC.,
    Defendants.

## COMPLAINT

NOW COMES Plaintiff, James Lenfesty, by and through his attorneys, Lynn, Lynn &

Blackman, P.C., and complains as follows.

### Parties

1. Plaintiff, James Lenfesty, is a resident of Rutland, Vermont.

2. Defendant Citibank, N.A. ("Citibank") is a Delaware corporation which does business
in Vermont under its own name and as Home Depot Credit Services.

3. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation
registered with the Vermont Secretary of State at 100 North Main Street, Suite 2,
Barre, VT 05641, which does business in Vermont through locations in Williston and
Rutland.

### Jurisdiction and Venue

4. Plaintiff resides in Rutland, and both Defendants do business in Vermont.

5. Plaintiff brings claims under Vermont law.

6. Thus, this Court has jurisdiction over and is the proper venue for this matter. 12
V.S.A. § 402.

### Facts

I.   **Background**

7. In or about July 2012, Plaintiff applied for and received a Home Depot Consumer
Credit Card ("the Card").

8. Plaintiff obtained the Card from Home Depot's location in Rutland, Vermont.

9. The Card was issued and serviced by Citibank.

10. Plaintiff also holds My Best Buy and Citi Platinum Select cards issued and serviced by Citibank.

11. The terms of the cardholder agreement included a promotional two-year interest deferment period extending until July 1, 2014 ("the Deferment Period"), whereby if Plaintiff made over $1000 in purchases and paid them back within the Deferment Period, he would pay no interest.

II. *Misrepresentations by Home Depot*

12. In July 2012, Plaintiff used the Card to purchase flooring from Home Depot's location in Rutland, Vermont.

13. The purchase price for the flooring appeared on the Card as two charges: one for $8,437.92, and one for $1,753.96.

14. Home Depot installed the flooring. Part of the flooring Home Depot installed was the wrong color.

15. After Plaintiff requested a refund, Home Depot and Plaintiff executed a Settlement Agreement wherein Home Depot agreed to refund $3,500 in the form of a credit on the Card. See Ex. A (Letter of August 19, 2013 and Settlement and Release Agreement).

16. Home Depot failed to complete the installation of the remaining flooring until late 2013, over a year after Plaintiff purchased it.

17. Given the delay, Plaintiff asked Home Depot to extend the Deferment Period for an additional year, until July 1, 2015.

18. Plaintiff spoke to the General Manager at the Rutland location, who told Plaintiff he was willing to extend the Deferment Period.

19. The General Manager assured Plaintiff on multiple occasions that Home Depot would extend the Deferment Period.

20. After speaking to an agent of Home Depot, Plaintiff was referred to the Rutland Operations Manager, who once again assured him that Home Depot was willing to extend the Deferment Period by one year.

21. The Operations Manager later told Plaintiff that she had in fact obtained an extension of the Deferment Period for him.

22. She told him that his billing statements would continue to show July 1, 2014 as the Deferment Period end date for several billing cycles, but that he should rest assured

2

that the end date had been pushed back and the statements would eventually reflect the correct information.

23. In late June 2014, Plaintiff contacted Home Depot to confirm that the Deferment Period had been extended.

24. Plaintiff was told that the Deferment Period had, in fact, *not* been extended, and that he had to pay the full balance—a considerable sum—by July 1, 2014 to avoid hefty finance charges. He spoke to the Operations Manager once again, who told him there was "no way" Home Depot extend the Deferment Period.

25. When Home Depot led Plaintiff to believe the Deferment Period had been extended, it acted as Citibank's agent.

III. Improper finance charges by Citibank

26. When Plaintiff received his statement for the period ending July 2, 2014, he had been charged $7,375.88 in interest due to the improper termination of the Deferment Period.

27. To make matters worse, the $7,375.88 finance charge was calculated on the basis of the full price of the flooring Plaintiff purchased, without taking into account the $3,500 refund Home Depot had agreed to give him.

28. Under "Promotions" on page 3, Plaintiff's billing statement due July 1, 2014 clearly reflects billed interest charges based on charges of $8,437.92 and $1,753.96—the original charge amounts, not taking into account the $3,500 credit. See Ex. B (July 1, 2014 billing statement) at 3.

IV. Violations of the Fair Credit Billing Act by Citibank

29. On August 18, 2014, Plaintiff's counsel sent Citibank a letter ("the August 18 Letter") setting forth the dispute described in this Complaint. See Ex. C (August 18 Letter).

30. The August 18 Letter was addressed to Home Depot Credit Services, P.O. Box 790328, St. Louis, MO 63179, the address disclosed on Plaintiff's Account Statements for notice of billing errors pursuant to 12 C.F.R. § 1026.7(b)(9).

31. The August 18 Letter complied with the requirements of 12 C.F.R. § 1026.13(b).

32. Citibank failed to acknowledge receipt of a billing error notice within the 30-day period set forth in 12 C.F.R. 1026.13(c), and has failed to acknowledge the notice to this day.

33. According to the Federal Reserve Board Official Staff Interpretation of Regulation Z, "[a]n attorney and his or her client are considered to be the same person for purposes of this regulation when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction." 12 C.F.R. Pt. 226, Supp. I, Subpt. A, Official Staff Interpretations, § 226.2(a)(22)(2); see also Ford Motor

3

*Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) ("Federal Reserve Staff opinions construing the [Truth in Lending Act] or Regulation [Z] should be dispositive . . . .").

34. Nevertheless, rather than acknowledging the billing error notice, on August 23, 2014, Citibank sent Plaintiff a letter stating that "We recently received in inquiry from a third party regarding your The [sic] Home Depot Consumer Credit Card account. Unfortunately, we are unable to honor any requests from a third party without authorization from the primary cardholder." *See* Ex. D (August 23, 2014 letter from Citibank).

35. Plaintiff called Citibank and gave authorization for Citibank to speak with undersigned counsel.

36. Citibank nonetheless failed to acknowledge the billing error notice, or otherwise comply with the requirements of the Truth in Lending and Fair Credit Billing Acts and Regulation Z.

37. Although more than two billing cycles have elapsed, Citibank failed to pursue the resolution procedures set forth in 12 C.F.R. 1026.13(e) and (f), and has not pursued them to this day.

38. Citibank continued to add finance and other charges related to the disputed amount to Plaintiff's account in violation of 12 C.F.R. § 1026.13(d)(1).

39. Citibank referred Plaintiff's account to a collection agency in violation of 12 C.F.R. § 1026.13(d)(1). *See* Ex. E (October 10, 2014 letter from Northland Group).

40. Citibank made an adverse credit report about Plaintiff in violation of 12 C.F.R. § 1026.13(d)(2). *See* Ex. F (Credit report).

41. Plaintiff's credit score suffered as a result of Citibank's unlawful adverse report. *See* Ex. F.

42. Due to his weakened credit score, Plaintiff was denied credit by another lender.

43. Citibank closed Plaintiff's Home Depot Consumer Card, My Best Buy, and Citi Platinum Select Card accounts in violation of 12 C.F.R. § 1026.13(d)(3). *See* Ex. F.

## Count I: Fraudulent Misrepresentation by Both Defendants

44. Plaintiff reasserts all of the foregoing allegations.

45. Home Depot, or Home Depot acting as Citibank's agent, intentionally misrepresented facts to Plaintiff that were not open to his knowledge.

46. Plaintiff justifiably relied on Home Depot's misrepresentations, and suffered damages as a result.

4

47.    Defendants are therefore liable to Plaintiff for fraudulent misrepresentation under the laws of the State of Vermont.

<u>Count II: Fraudulent Concealment by Both Defendants</u>

48.    Plaintiff reasserts all of the foregoing allegations.

49.    Home Depot, or Home Depot acting as Citibank's agent, concealed facts of which it had knowledge or the means of knowledge and which it had a duty to disclose.

50.    It did so with an intention to mislead Plaintiff.

51.    Defendants are therefore liable to Plaintiff for fraudulent concealment under the laws of the State of Vermont.

<u>Count III: Negligent Misrepresentation by Both Defendants</u>

52.    Plaintiff reasserts all of the foregoing allegations.

53.    Home Depot, or Home Depot acting as Citibank's agent, supplied Plaintiff with false information for the guidance of his business transactions without exercising reasonable care in communicating the information.

54.    Plaintiff justifiably relied on Home Depot's misrepresentations, and suffered damages as a result.

55.    Defendants are therefore liable to Plaintiff for negligent misrepresentation under the laws of the State of Vermont.

<u>Count IV: Violation of the Truth in Lending and Fair Credit Billing Acts by Citibank</u>

56.    Plaintiff reasserts all of the foregoing allegations.

57.    By its conduct described in ¶¶ 26-43, Citibank violated the Truth in Lending and Fair Credit Billing Acts, 15 U.S.C. § 1601 et seq., and their implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 1026.1 et seq.

58.    Citibank is therefore liable to Plaintiff under the provisions of the Truth in Lending and Fair Credit Billing Acts, including the forfeiture remedy made available under 12 C.F.R. 1026.13(e)(3) and 15 U.S.C. § 1666(e).

<u>Count V: Violation of the Vermont Consumer Fraud Act by Both Defendants</u>

59.    Plaintiff reasserts all of the foregoing allegations.

60.    Defendants' conduct constituted unfair and deceptive acts or practices for purposes of the Vermont Consumer Fraud Act, 9 V.S.A. § 2451 et seq.

61. Citibank's attempts to collect on Plaintiff's account was a per se violation of the Vermont Consumer Fraud Act under the provisions of 9 V.S.A. § 2453 and Vermont Attorney General Rule CP 104.05(c), 3-2-103 Vᴛ. Coᴅᴇ R. § CF 104.05(c).

62. Citibank's attempts to communicate with Plaintiff after receipt of a billing error notice from undersigned counsel was a per se violation of the Vermont Consumer Fraud Act under the provisions of 9 V.S.A. § 2453 and Vermont Attorney General Rule CP 104.05(d), 3-2-103 Vᴛ. Coᴅᴇ R. § CF 104.05(d).

63. Defendants are therefore liable to Plaintiff under the provisions of the Vermont Consumer Fraud Act.

WHEREFORE Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, attorney's fees, prejudgment interest, forfeiture under 15 U.S.C. § 1666(e), and any other relief the court shall find warranted.

### Jury Demand

Plaintiff demands trial by jury on all the issues so triable under V.R.C.P. 38.

Dated at Burlington, Vermont, this 12th day of November, 2014.

JAMES LENFESTY

By:   /s/ Barbara R. Blackman
      Barbara R. Blackman, Esq.
      Alexander G. Lewis, Esq.
      Lynn, Lynn & Blackman, P.C.
      Counsel for Plaintiff
      76 St. Paul Street, Suite 400
      Burlington, VT 05401
      (802) 860-1500
      bblackman@lynnlawvt.com

6

(Page 15 of 32  -  This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)



EXHIBIT A



2455 Paces Ferry Road • Atlanta, GA 30339

August 19, 2013

Mr. James Lenfesty
718 Sherwood Drive
Rutland, VT 05701

RE: Flooring Installation/ Customer Agreement# 4502-148086

Dear Mr. Lenfesty:

On behalf of The Home Depot I apologize for any inconvenience you may have experienced with regard to your flooring installation.

The Home Depot has carefully reviewed and investigated this matter and offers the following in response to your concerns. The Home Depot agrees to pay $3,500.00 (Thirty Five Hundred Dollars and Zero Cents) in the form of a credit, back to The Home Depot card used during this transaction.

This accommodation is conditioned upon your signing the enclosed Settlement and Release Agreement. This offered accommodation is not to be construed and shall not be admissible as an admission of liability on behalf of Home Depot. To the contrary, Home Depot makes this offer purely as a customer accommodation and in a good faith attempt to settle a disputed claim.

Please sign the Settlement and Release Agreement and fax a copy of the signed Agreement to 678-556-7614 or send the signed Agreement to me at the address below. Upon receipt of the signed Agreement, I will make the necessary arrangements to complete the resolution described herein.

Please be assured that The Home Depot values you as a customer and looks forward to servicing all of your future home improvement needs. Please do not hesitate to call me if you have any questions.

Sincerely,

Marquez Badger
Resolution Expediter
1-800-654-0688, ext. 76966
Reference Number: 52015605

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by Home Depot U.S.A., Inc. ("Home Depot") and James Lenfesty ("Customer") on the 19th day of August, 2013.

Disputes have arisen between Home Depot and Customer regarding the flooring installation (Order# 4502 – 148086) (referred to as the "Transaction" below).

In consideration of the payment, releases and agreements listed below, the parties agree to the following settlement:

1.  The Home Depot agrees to pay Three Thousand-Five Hundred Dollars and Zero Cents ($3,500.00) to the Customer in the form of a credit, back to the credit card used for this transaction, upon execution of this Agreement.

2.  Customer fully releases and discharges Home Depot, and its officers and employees, from any and all claims, actions, damages, losses, and liability of every kind relating to the Transaction. Customer does not release any manufacturer's warranty for any product purchased from Home Depot as a part of the Transaction.

3.  Home Depot fully releases and discharges Customer from any and all claims, actions, damages, losses, and liability of every kind relating to the Transaction. Home Depot does not release any defense it might have to claims of Customer relating to any manufacturer's warranty for products purchased by Customer as part of the Transaction.

4.  Customer agrees that Citibank, N.A. d/b/a "Home Depot Credit Services" ("Citibank") is not a party to this Agreement and that any obligations that Customer may owe to Citibank are not released or affected by this Agreement.

5.  This Agreement constitutes the entire agreement between the parties and supersedes all prior negotiations and discussions which are merged in this document.

6.  The parties acknowledge that they have read and fully understand this Agreement and that each has executed this binding agreement freely and without compulsion.

7.  This Agreement is to be construed and enforced under the laws of the State of Vermont.

James Lenfesty                                    HOME DEPOT USA, INC.

By_____
(Signature)

_James Lenfesty_  _9/11/13_
(Printed)              (Date)

_____
(Printed) Marquez Badger       (Date)

Reference Number: 52015605

S&R 12-7-2011

EXHIBIT B

  

# Account Statement

**The Home Depot Consumer Credit Card**

Customer Service:
myhomedepotaccount.com
Account Inquiries:
1-800-677-0232

Send Notice of Billing Errors and Customer Service Inquiries to:
HOME DEPOT CREDIT SERVICES
PO Box 790328, St. Louis, MO 63179

Account Number: 6035 3202 8741 7107

## Summary of Account Activity

| | |
|---|---|
| Previous Balance | $5,692.38 |
| Payments | -$60.00 |
| Other Credits | -$0.00 |
| Purchases | +$465.30 |
| Fees Charged | +$0.00 |
| Interest Charged | +$0.00 |
| New Balance | $6,097.68 |
| Past Due Amount | $0.00 |

| | |
|---|---|
| Credit Limit | $11,500.00 |
| Available Credit | $5,402.00 |
| Statement Closing Date | 06/04/2014 |
| Next Statement Closing Date | 07/04/2014 |
| Days in Billing Cycle | 30 |

A minimum payment of $61.00 is due to avoid a late fee. To avoid interest charges, pay $5,088.46 by July 1, 2014.

## Payment Information

| | |
|---|---|
| New Balance | $6,097.68 |
| Minimum Payment Due | $61.00 |
| Payment Due Date | July 1, 2014 |

Late Payment Warning: If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $36.

Minimum Payment Warning: If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 27 years | $37,760 |
| $513 | 3 years | $16,465 (Savings=$19,275) |

If you would like information about credit counseling services, call 1-877-337-8187.

 SAVE STAMPS, TIME... AND TREES!   Register now for Paperless Statements and more at myhomedepotaccount.com

You must pay your promotional balance of $2,993.06 in full by 07/01/14 to avoid paying deferred interest charges.

You must pay your promotional balance of $1,763.99 in full by 07/01/14 to avoid paying deferred interest charges.

You must pay your promotional balance of $310.00 in full by 07/01/14 to avoid paying deferred interest charges.

You must pay your promotional balance of $320.38 in full by 11/01/14 to avoid paying deferred interest charges.

You must pay your promotional balance of $312.00 in full by 12/01/14 to avoid paying deferred interest charges.

You must pay your promotional balance of $376.86 in full by 06/01/15 to avoid paying deferred interest charges.

# Manage your account online.
Simplify your life now at **myhomedepotaccount.com**

PLEASE SEE IMPORTANT INFORMATION ON PAGES 2 AND 4.     Page 1 of 6     This Account is issued by Citibank, N.A.

Please detach and return lower portion with your payment to insure proper credit. Retain upper portion for your records.

Your Account Number is 6035 3202 8741 7107

P.O. Box 790393
St. Louis, MO 63179

  
SHOP ANY TIME, ANYWHERE!
ONLINE · MOBILE · IN STORE

Statement Enclosed

| | |
|---|---|
| Payment Due Date | July 1, 2014 |
| New Balance | $6,097.68 |
| Past Due Amount | $0.00 |
| Minimum Payment Due | $61.00 |
| Amount Enclosed $ | |

Please print address changes on the reverse side.
Make Checks Payable to ▼

MX00641075 1 AV 0.381 LR040095 TMN 000358 3580

$310.00

PAID
CK ISO   DATE
xx 03 93    6/30

JAMES D LENFESTY
716 SHERWOOD DR
RUTLAND, VT   05701-6724

HOME DEPOT CREDIT SERVICES
PO BOX 182676
COLUMBUS, OH 43218-2676



03000  0006100  0609768  0006000  06035320287417107  0110

Account: **** **** **** 7107

If you call us, you may hear our new interactive voice response unit. We hope you find it quick and easy to get the information and service you need.

## TRANSACTIONS

| Trans Date | Description | | Amount |
|---|---|---|---|
| 08/04 | THE HOME DEPOT RUTLAND VT     CREDIT | | $     14.16- |
| | BLINDS AND WALLPAPER | | |
| 08/15 | THE HOME DEPOT RUTLAND VT | | $    572.66 |
| | GIFT CERTIFICATES SEASONAL/GARDEN     PAINT | | |
| | PROMOTIONAL PURCHASE: To avoid interest charges, please pay the above in full by 01/01/2016.  Monthly payments required. | | |
| 08/29 | THE HOME DEPOT RUTLAND VT | | $   -348.77- |
| | GIFT CERTIFICATES PAINT     SEASONAL/GARDEN | | |
| | PROMOTIONAL PURCHASE: To avoid interest charges, please pay the above in full by 08/01/2016.  Monthly payments required. | | |
| 08/30 | ONLINE PAYMENT     DEERFIELD IL | | $    910.00- |

## FEES

| | TOTAL FEES FOR THIS PERIOD | | $      0.00 |
|---|---|---|---|

## INTEREST CHARGED

| 07/04 | INTEREST CHARGE ON PURCHASES | | $   7,375.88 |
|---|---|---|---|
| | TOTAL INTEREST FOR THIS PERIOD | | $   7,375.88 |

### 2014 Totals Year-to-Date

| Total Fees Charged in 2014 | $0.00 |
|---|---|
| Total Interest Charged in 2014 | $7,375.88 |

## PROMOTIONS

| PROMOTIONS | Original Trans Amount | Trans Date | Previous Promotion Balance | Payments and Credits | Billed Interest Charges | New Promotion Balance | Promo Monthly Payment | Deferred Interest Charges | Expiration Date |
|---|---|---|---|---|---|---|---|---|---|
| NO INT FOR 6MOS-PMT REQ | $320.36 | 04/19/14 | $320.36 | - | - | $320.36 | - | $16.54 | 11/01/14 |
| NO INT FOR 6MOS-PMT REQ | $312.00 | 05/03/14 | $312.00 | - | - | $312.00 | - | $12.82 | 12/01/14 |
| NO INT FOR 12MOS-PMT REQ | $376.86 | 05/25/14 | $376.86 | - | - | $376.86 | - | $9.86 | 06/01/15 |
| NO INT FOR 12MOS-PMT REQ | $346.77 | 06/29/14 | - | - | - | $346.77 | - | $1.31 | 08/01/15 |
| NO INT FOR 18MOS-PMT REQ | $572.66 | 08/15/14 | - | - | - | $572.66 | - | $7.26 | 01/01/16 |
| NO INT FOR 24MOS-PMT REQ | $8,437.92 | 08/01/12 | $2,993.06 | $310.00- | $8,253.29 | $8,936.35 | - | $8,086.09 | exp'd07/01/14 |
| NO INT FOR 24MOS-PMT REQ | $1,753.98 | 08/13/12 | $1,753.98 | - | $1,081.54 | $2,835.50 | - | $1,028.48 | exp'd07/01/14 |
| NO INT FOR 6MOS-PMT REQ | $310.00 | 12/21/13 | $310.00 | - | $40.72 | $350.72 | - | $34.16 | exp'd07/01/14 |

## INTEREST CHARGE CALCULATION

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| Type of Balance | Annual Percentage Rate (APR) | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|
| **PURCHASES** | | | |
| Revolving Balance | 22.99% (M) | $17.43 | $0.33 |
| NO INT FOR 6MOS-PMT REQ | 22.99% (M) | - | - |
| NO INT FOR 6MOS-PMT REQ | 22.99% (M) | - | - |
| NO INT FOR 12MOS-PMT REQ | 22.99% (M) | - | - |
| NO INT FOR 12MOS-PMT REQ | 22.99% (M) | - | - |
| NO INT FOR 18MOS-PMT REQ | 22.99% (M) | - | - |
| NO INT FOR 24MOS-PMT REQ | 22.99% (M) | $8,049.69 | $8,253.29 |
| NO INT FOR 24MOS-PMT REQ | 22.99% (M) | $2,807.99 | $1,081.54 |
| NO INT FOR 6MOS-PMT REQ | 22.99% (M) | $347.31 | $40.72 |

# Lynn, Lynn
# & Blackman, P.C.

August 18, 2014

Home Depot Credit Services, Inc.
Customer Service
P.O. Box 790328
St. Louis, MO 63179

Re:    James Lenfesty
          Account No. 6035 3202 8741 7107

To whom it may concern:

I am writing on behalf of James Lenfesty regarding an improper finance charge placed by
Home Depot Credit Services on a card held by him.

Mr. Lenfesty is the holder of a Home Depot Consumer Credit Card ("the Card"), serviced by
Home Depot Credit Services ("Citibank"). When he first obtained the Card in July 2012, he
received a promotional two-year interest deferment until July 1, 2014, whereby if he made
over $1000 in purchases and paid them back within the deferment period, he would pay no
interest. He used the card to make purchases at Home Depot U.S.A., Inc.'s location in
Williston, Vermont ("Home Depot"). This dispute involves two parts: (i) an improper finance
charge calculation; and (ii) misrepresentations made by Home Depot regarding an extension
of the interest deferment leading to an improper finance charge.

I.       Misrepresentations by Home Depot and improper finance charges

In July 2012, Mr. Lenfesty used the Card to purchase flooring from Home Depot. He
purchased wood-style and stone-style flooring for different areas of his home. The purchase
price appeared on his card split into two charges: one for $8,437.92, and one for
$1,753.96. Home Depot installed the wood-style flooring incorrectly, causing it to buckle.
After Mr. Lenfesty requested a refund, Home Depot agreed to refund $3,500 in the form of a
credit on the Card. See Letter of August 19, 2013 and Settlement and Release Agreement
(enclosed).

Home Depot failed to complete the installation of the stone-style flooring until late 2013,
over a year after Mr. Lenfesty purchased it. Given the delay, Mr. Lenfesty asked Home Depot
to defer the interest on the Card for an additional year, until July 1, 2015. He spoke to the

General Manager at the Williston location, who told him he could extend the deferment period. The General Manager failed to return Mr. Lenfesty's calls, but when contacted by Mr. Lenfesty, assured him on multiple occasions that he would provide an extension. After speaking to a Home Depot dispute resolution operative, Mr. Lenfesty was referred to the Willison Operations Manager, who once again assured him that the deferment period would be extended by one year. The Operations Manager told Mr. Lenfesty that she had obtained an extension for him. She told him that his billing statements would continue to show July 1, 2014 as the deferment period end date for several billing cycles, but that he should rest assured that the end date had been pushed back and the statements would eventually reflect the correct information.

In late June 2014, Mr. Lenfesty contacted Home Depot to confirm that the deferment period had been extended. He was told that the deferment period had, in fact, not been extended, and that he had to pay the full balance—a considerable sum—by July 1, 2014 to avoid hefty finance charges. He spoke to the Operations Manager once again, who told him there was "no way we could do this."

When Mr. Lenfesty received his statement for the period ending July 2, 2014, he had been charged $7,375.88 in interest due to the improper termination of the deferment period. See Billing Statement (enclosed).

To make matters worse, the $7,375.88 finance charge was calculated on the basis of the full price of the flooring Mr. Lenfesty purchased, without taking into account the $3,500 refund Home Depot agreed to give him. Under "Promotions" on page 3, the enclosed billing statement clearly reflects billed interest charges based on charges of $8,437.92 and $1,753.96—the original charge amounts, not taking into account the $3,500 credit.

## II.    Applicable law

Citibank's imposition of deferred finance charges and subsequent miscalculation of the finance charge constitute a billing error for purposes of the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and its implementing Regulation Z. See 15 U.S.C. § 1666; 12 C.F.R. § 1026.13(a). Accordingly, Mr. Lenfesty will exercise his right to withhold payment under 12 C.F.R. § 1026.13(d)(1). If the error is not corrected, Citibank is subject to civil liability under the Truth in Lending Act for Mr. Lenfesty's actual damages, twice the amount of the erroneous finance charge, totaling a minimum of $500, and attorney's fees. See 15 U.S.C. § 1640(a). Citibank is also subject to treble damages and attorney's fees under the provisions of the Vermont Consumer Fraud Act. See 9 V.S.A. § 2461(b). See also 16 C.F.R. § 433.2 (Preservation of consumers' claims and defenses, unfair or deceptive acts or practices).

Please note further that Citibank is prohibited from taking adverse action, including making an adverse credit report, against Mr. Lenfesty with regard to the disputed finance charge. 12 C.F.R. § 1026.13.

IV.   Remedies

Mr. Lenfesty's requested relief is simple: all he wants is the deferment extension he was promised so he can pay down the balance due on the Card as he planned. He requests that Citibank remove the $7,373.88 interest from the Card and extend the interest deferment period under the original Card terms until July 2015, as agreed. As discussed earlier, he has civil remedies and damages multipliers available to him. Without currently waiving those remedies, all he asks is that Citibank simply let him pay what he owes, as agreed.

Please contact me within the periods set forth in 12 C.F.R. § 1026.13(c) to resolve this dispute.

Very truly yours,

LYNN, LYNN & BLACKMAN, P.C.

Barbara R. Blackman, Esq.

Enclosures
C: James Lenfesty

3



EXHIBIT D



**Regarding Your Account**

Home Depot Credit
Services
P.O. Box 7032
Sioux Falls, SD 57117-7032

Account Number: 6035320287417107
www.myhomedepotaccount.com

AK000331100-1 AB 0.408  TW051794 TMN 027682 0085

JAMES D LENFESTY
718 SHERWOOD DR
RUTLAND, VT 05701-6724

August 23, 2014

Dear JAMES D LENFESTY,

**Why we're writing you**
Thank you for being a valued The Home Depot customer.

We recently received an inquiry from a third party regarding your The Home Depot Consumer Credit Card account. Unfortunately, we are unable to honor any requests from a third party without authorization from the primary cardholder.

**Here's what you need to do**
In order to process this request, please have the primary cardholder call us at the phone number below. If you prefer the third party to discuss the account details with us, please call us and provide your authorization to discuss the account details with them.

**How to contact us**
If you have additional questions, our Representatives are available to assist you. Please contact us online at www.myhomedepotaccount.com, or at the phone number below.

We appreciate your business and look forward to serving you in the future.

Sincerely,

Customer Service
Phone: 1-800-677-0232
TDD/TTY – Hearing or Speech Impaired: 1-888-944-2227
Fax: 1-888-447-5535
Monday through Saturday, 6:00 a.m. - 1:00 a.m., ET; Sunday 7:00 a.m. - 12:00 a.m., ET

(888) 410 7788 - fax

**Thank You For Your Business**

CS/4464A/919604X00002



EXHIBIT E

 **Northland Group Inc.**

866-751-7033 ext 1224
For Hours of Operation, please visit us at:
www.payments2northland.com

October 10, 2014


P.O. Box 390905
Minneapolis, MN 55439
Mail Code CMC2

**ACCOUNT INFORMATION**

Creditor: CITIBANK, N.A.
Regarding: THE HOME DEPOT
Original Account #: ************7107
Current Balance Due: $14,476.93

Alexander Lewis
76 Saint Paul St
Ste 400
Burlington, VT 05401-4477

**NORTHLAND REFERENCE NUMBER**

F39744963

Consumer Name: James D Lenfesty



Past due account balance: $14,476.93

Dear Alexander Lewis,

Our office has received notification of your representation of James D Lenfesty. Accordingly, all communication regarding this account will be directed to your attention unless we receive notice you no longer represent James D Lenfesty.

CITIBANK, N.A. has assigned the above referenced account to Northland Group, Inc. for collection. CITIBANK, N.A. is willing to negotiate a settlement for less than the full balance owed. Please contact Northland Group, Inc. to discuss a settlement or to make payment arrangements. This offer does not affect your client's rights set forth below. Make check payable to CIti. Because of interest that may vary from day to day, the amount due on the day payment is made may be greater. Hence, if the amount shown above is paid, an adjustment may be necessary after we receive the check, in which event we will inform you below depositing the check for collection.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

 Pay Online: www.payments2northland.com

 Pay by Phone: Please call Northland Group, Inc. at 866-751-7033 ext. 1224.
We offer check by phone, Western Union, and debit card.

 Pay by Mail: Send payments to PO Box 390905, Minneapolis, MN 55439.

This is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose.
This communication is sent to you by Northland Group, Inc., a debt collector and a member of ACA International.
This collection agency is licensed by the Minnesota Department of Commerce.

NG48 2M PZZ7470 7



EXHIBIT F

Full Credit Report | Credit Karma                    https://www.creditkarma.com/myfinances/creditreport/index/vi...

# Credit ⊖ Karma

# James Lenfesty's Credit Repor

## Overview

Your Credit Score

# 673

Credit Rating:
Fair

VERY POOR    POOR    FAIR    GOOD    EXCELLENT

### Account Mix

| | |
|---|---|
| Credit Cards | 17 |
| Real Estate | 2 |
| Auto | 7 |
| Student | 13 |
| Other Loans | 1 |
| Collections | 0 |
| Total Accounts: | 40 |

## Personal Information

Names Reported                              Dispute Details

1 of 46                                      10/10/14, 8:21 AM



Expand All · Location 41

**Oct 25, 2014** · There have been 2 accounts reported as closed on your report.

The following accounts have been closed since your last update on Oct 9, 2014:

**Accounts Activity**

| Account: | Type: | Data Opened: | Credit Limit: | Balances: |
|---|---|---|---|---|
| 1. Citi | Credit Card | Oct 8, 2008 | $5,000 | $4,934 |
| 2. THD/CBNA | Credit Card | Jul 29, 2008 | $11,500 | $14,189 |

Related Article: The Do's and Don'ts of Closing Old Accounts

**Oct 25, 2014** · You now have 7 hard credit inquiries on your report (1 removed).

The following inquiries have been removed since your last score update on Oct 9, 2014:

**Inquiries Activity**

| Lender: | Industry: | Inquiry Date: | Status: |
|---|---|---|---|
| 1. CBNA/THD | Home Furnishings | Oct 17, 2012 | Removed |

You now have 7 inquiries on your credit report. Related Article: What Are Credit Inquiries?

**Oct 25, 2014** · 2 accounts have been removed from your credit report

Your credit report no longer lists the following accounts:

**Accounts Activity**

| Account: | Type: | Open Date: | Closed Date: |
|---|---|---|---|
| 1. Citi | Credit Card | Oct 8, 2008 | N/A |
| 2. THD/CBNA | Credit Card | Jul 29, 2008 | N/A |

Related Article: Why Are Accounts Removed From My Credit Report?

**Oct 25, 2014** · You have reduced your credit card utilization by 42%.

Your credit card utilization has decreased by 42% since your last score update on Oct 9, 2014

**Credit Lines Activity**

| Date: | Credit Card Limit: | Open CC Debt (w/Limits): | Utilization: | Grade: |
|---|---|---|---|---|
| 1. Oct 9, 2014 | $35,950 | $24,014 | 67% | D |
| 2. Oct 25, 2014 | $19,450 | $4,851 | 25% | B |

Your overall credit card utilization has taken to a level lenders find favorable. Related Article: Understanding Credit Card Utilization

---

Connect Accounts

| | |
|---|---|
| VSAC LOAN | $6,710. |
| VSAC LOAN | $5,960. |
| VSAC LOAN | $4,390. |
| VSAC LOAN | $4,110. |
| USDOE/GLELSI | $2,500. |
| VSAC LOAN | $1,282. |