STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT<br>Rutland Unit | CIVIL DIVISION<br>Docket No. |

JAMES LENFESTY
    Plaintiff,                                  2:15-cv-19

        v.

CITIBANK, N.A.,
CITIBANK, N.A. d/b/a HOME DEPOT CREDIT SERVICES, and
HOME DEPOT U.S.A., INC.,
    Defendants.

## COMPLAINT

NOW COMES Plaintiff, James Lenfesty, by and through his attorneys, Lynn, Lynn & Blackman, P.C., and complains as follows.

### Parties

1. Plaintiff, James Lenfesty, is a resident of Rutland, Vermont.

2. Defendant Citibank, N.A. ("Citibank") is a Delaware corporation which does business in Vermont under its own name and as Home Depot Credit Services.

3. Defendant Home Depot U.S.A., Inc. ("Home Depot") is a Delaware corporation registered with the Vermont Secretary of State at 100 North Main Street, Suite 2, Barre, VT 05641, which does business in Vermont through locations in Williston and Rutland.

### Jurisdiction and Venue

4. Plaintiff resides in Rutland, and both Defendants do business in Vermont.

5. Plaintiff brings claims under Vermont law.

6. Thus, this Court has jurisdiction over and is the proper venue for this matter. 12 V.S.A. § 402.

### Facts

I.  Background

7. In or about July 2012, Plaintiff applied for and received a Home Depot Consumer Credit Card ("the Card").

8. Plaintiff obtained the Card from Home Depot's location in Rutland, Vermont.

9. The Card was issued and serviced by Citibank.

10. Plaintiff also holds My Best Buy and Citi Platinum Select cards issued and serviced by Citibank.

11. The terms of the cardholder agreement included a promotional two-year interest deferment period extending until July 1, 2014 ("the Deferment Period"), whereby if Plaintiff made over $1000 in purchases and paid them back within the Deferment Period, he would pay no interest.

II.   **Misrepresentations by Home Depot**

12. In July 2012, Plaintiff used the Card to purchase flooring from Home Depot's location in Rutland, Vermont.

13. The purchase price for the flooring appeared on the Card as two charges: one for $8,437.92, and one for $1,753.96.

14. Home Depot installed the flooring. Part of the flooring Home Depot installed was the wrong color.

15. After Plaintiff requested a refund, Home Depot and Plaintiff executed a Settlement Agreement wherein Home Depot agreed to refund $3,500 in the form of a credit on the Card. See Ex. A (Letter of August 19, 2013 and Settlement and Release Agreement).

16. Home Depot failed to complete the installation of the remaining flooring until late 2013, over a year after Plaintiff purchased it.

17. Given the delay, Plaintiff asked Home Depot to extend the Deferment Period for an additional year, until July 1, 2015.

18. Plaintiff spoke to the General Manager at the Rutland location, who told Plaintiff he was willing to extend the Deferment Period.

19. The General Manager assured Plaintiff on multiple occasions that Home Depot would extend the Deferment Period.

20. After speaking to an agent of Home Depot, Plaintiff was referred to the Rutland Operations Manager, who once again assured him that Home Depot was willing to extend the Deferment Period by one year.

21. The Operations Manager later told Plaintiff that she had in fact obtained an extension of the Deferment Period for him.

22. She told him that his billing statements would continue to show July 1, 2014 as the Deferment Period end date for several billing cycles, but that he should rest assured

that the end date had been pushed back and the statements would eventually reflect the correct information.

23. In late June 2014, Plaintiff contacted Home Depot to confirm that the Deferment Period had been extended.

24. Plaintiff was told that the Deferment Period had, in fact, *not* been extended, and that he had to pay the full balance—a considerable sum—by July 1, 2014 to avoid hefty finance charges. He spoke to the Operations Manager once again, who told him there was "no way" Home Depot extend the Deferment Period.

25. When Home Depot led Plaintiff to believe the Deferment Period had been extended, it acted as Citibank's agent.

### III. Improper finance charges by Citibank

26. When Plaintiff received his statement for the period ending July 2, 2014, he had been charged $7,375.88 in interest due to the improper termination of the Deferment Period.

27. To make matters worse, the $7,375.88 finance charge was calculated on the basis of the full price of the flooring Plaintiff purchased, without taking into account the $3,500 refund Home Depot had agreed to give him.

28. Under "Promotions" on page 3, Plaintiff's billing statement due July 1, 2014 clearly reflects billed interest charges based on charges of $8,437.92 and $1,753.96—the original charge amounts, not taking into account the $3,500 credit. *See* Ex. B (July 1, 2014 billing statement) at 3.

### IV. Violations of the Fair Credit Billing Act by Citibank

29. On August 18, 2014, Plaintiff's counsel sent Citibank a letter ("the August 18 Letter") setting forth the dispute described in this Complaint. *See* Ex. C (August 18 Letter).

30. The August 18 Letter was addressed to Home Depot Credit Services, P.O. Box 790328, St. Louis, MO 63179, the address disclosed on Plaintiff's Account Statements for notice of billing errors pursuant to 12 C.F.R. § 1026.7(b)(9).

31. The August 18 Letter complied with the requirements of 12 C.F.R. § 1026.13(b).

32. Citibank failed to acknowledge receipt of a billing error notice within the 30-day period set forth in 12 C.F.R. 1026.13(c), and has failed to acknowledge the notice to this day.

33. According to the Federal Reserve Board Official Staff Interpretation of Regulation Z, "[a]n attorney and his or her client are considered to be the same person for purposes of this regulation when the attorney is acting within the scope of the attorney-client relationship with regard to a particular transaction." 12 C.F.R. Pt. 226, Supp. I, Subpt. A, Official Staff Interpretations, § 226 2(a)(22)(2); *see also Ford Motor*

3

*Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980) ("Federal Reserve Staff opinions construing the [Truth in Lending Act] or Regulation [Z] should be dispositive . . . .").

34. Nevertheless, rather than acknowledging the billing error notice, on August 23, 2014, Citibank sent Plaintiff a letter stating that "We recently received in inquiry from a third party regarding your The [sic] Home Depot Consumer Credit Card account. Unfortunately, we are unable to honor any requests from a third party without authorization from the primary cardholder." *See* Ex. D (August 23, 2014 letter from Citibank).

35. Plaintiff called Citibank and gave authorization for Citibank to speak with undersigned counsel.

36. Citibank nonetheless failed to acknowledge the billing error notice, or otherwise comply with the requirements of the Truth in Lending and Fair Credit Billing Acts and Regulation Z.

37. Although more than two billing cycles have elapsed, Citibank failed to pursue the resolution procedures set forth in 12 C.F.R. 1026.13(e) and (f), and has not pursued them to this day.

38. Citibank continued to add finance and other charges related to the disputed amount to Plaintiff's account in violation of 12 C.F.R. § 1026.13(d)(1).

39. Citibank referred Plaintiff's account to a collection agency in violation of 12 C.F.R. § 1026.13(d)(1). *See* Ex. E (October 10, 2014 letter from Northland Group).

40. Citibank made an adverse credit report about Plaintiff in violation of 12 C.F.R. § 1026.13(d)(2). *See* Ex. F (Credit report).

41. Plaintiff's credit score suffered as a result of Citibank's unlawful adverse report. *See* Ex. F.

42. Due to his weakened credit score, Plaintiff was denied credit by another lender.

43. Citibank closed Plaintiff's Home Depot Consumer Card, My Best Buy, and Citi Platinum Select Card accounts in violation of 12 C.F.R. § 1026.13(d)(3). *See* Ex. F.

### Count I: Fraudulent Misrepresentation by Both Defendants

44. Plaintiff reasserts all of the foregoing allegations.

45. Home Depot, or Home Depot acting as Citibank's agent, intentionally misrepresented facts to Plaintiff that were not open to his knowledge.

46. Plaintiff justifiably relied on Home Depot's misrepresentations, and suffered damages as a result.

47. Defendants are therefore liable to Plaintiff for fraudulent misrepresentation under the laws of the State of Vermont.

### Count II: Fraudulent Concealment by Both Defendants

48. Plaintiff reasserts all of the foregoing allegations.

49. Home Depot, or Home Depot acting as Citibank's agent, concealed facts of which it had knowledge or the means of knowledge and which it had a duty to disclose.

50. It did so with an intention to mislead Plaintiff.

51. Defendants are therefore liable to Plaintiff for fraudulent concealment under the laws of the State of Vermont.

### Count III: Negligent Misrepresentation by Both Defendants

52. Plaintiff reasserts all of the foregoing allegations.

53. Home Depot, or Home Depot acting as Citibank's agent, supplied Plaintiff with false information for the guidance of his business transactions without exercising reasonable care in communicating the information.

54. Plaintiff justifiably relied on Home Depot's misrepresentations, and suffered damages as a result.

55. Defendants are therefore liable to Plaintiff for negligent misrepresentation under the laws of the State of Vermont.

### Count IV: Violation of the Truth in Lending and Fair Credit Billing Acts by Citibank

56. Plaintiff reasserts all of the foregoing allegations.

57. By its conduct described in ¶¶ 26–43, Citibank violated the Truth in Lending and Fair Credit Billing Acts, 15 U.S.C. § 1601 et seq., and their implementing Federal Reserve Board Regulation Z, 12 C.F.R. § 1026.1 et seq.

58. Citibank is therefore liable to Plaintiff under the provisions of the Truth in Lending and Fair Credit Billing Acts, including the forfeiture remedy made available under 12 C.F.R. 1026.13(e)(3) and 15 U.S.C. § 1666(e).

### Count V: Violation of the Vermont Consumer Fraud Act by Both Defendants

59. Plaintiff reasserts all of the foregoing allegations.

60. Defendants' conduct constituted unfair and deceptive acts or practices for purposes of the Vermont Consumer Fraud Act, 9 V.S.A. § 2451 et seq.

61. Citibank's attempts to collect on Plaintiff's account was a per se violation of the Vermont Consumer Fraud Act under the provisions of 9 V.S.A. § 2453 and Vermont Attorney General Rule CP 104.05(c), 3-2-103 Vt. Code R. § CF 104.05(c).

62. Citibank's attempts to communicate with Plaintiff after receipt of a billing error notice from undersigned counsel was a per se violation of the Vermont Consumer Fraud Act under the provisions of 9 V.S.A. § 2453 and Vermont Attorney General Rule CP 104.05(d), 3-2-103 Vt. Code R. § CF 104.05(d).

63. Defendants are therefore liable to Plaintiff under the provisions of the Vermont Consumer Fraud Act.

WHEREFORE Plaintiff demands judgment in his favor against Defendants for compensatory damages, punitive damages, attorney's fees, prejudgment interest, forfeiture under 15 U.S.C. § 1666(e), and any other relief the court shall find warranted.

### Jury Demand

Plaintiff demands trial by jury on all the issues so triable under V.R.C.P. 38.

Dated at Burlington, Vermont, this 12th day of November, 2014.

JAMES LENFESTY

By: /s/ Barbara R. Blackman
Barbara R. Blackman, Esq.
Alexander G. Lewis, Esq.
Lynn, Lynn & Blackman, P.C.
Counsel for Plaintiff
76 St. Paul Street, Suite 400
Burlington, VT 05401
(802) 860-1500
bblackman@lynnlawvt.com